UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jonathan Seiverth,  Case No. 3:24-cv-1582

        Plaintiff,

v.  ORDER

City of Perrysburg, Ohio,

        Defendant.

In the parties' December 10, 2025 joint status report, both parties alert me to the existence of a discovery dispute regarding Plaintiff's request to take 17 depositions and counsel's joint request that I hold a telephone conference to discuss this matter. (Doc. No. 21). But without further information regarding the nature of the dispute, I am not convinced a telephone conference at this juncture would be productive. Accordingly, rather than set a telephone conference, I direct counsel to follow my Standing Order regarding discovery disputes, which requires counsel to meet and confer and then jointly draft an email to me summarizing the nature of the dispute and their efforts to resolve it. *See* Standing Orders, Judge Jeffrey J. Helmick, *available at* https://www.ohnd.uscourts.gov/content/judge-jeffrey-j-helmick.

To inform counsel's continued discussions and positions regarding the discovery dispute outlined above, I remind counsel that Plaintiff must obtain leave of Court to take any deposition to which "the parties have not stipulated" that "would result in more than 10 depositions being taken." Fed. R. Civ. P. 30(a)(2)(A)(i). And as I explained previously:

> Leave must be granted "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2)(A)(i). Rule 26(b)(1) provides that "[p]arties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). But Rule 26(b)(2)(C) commands the that the court must limit the extent of discovery if it determines:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2). *See also Visteon Corp v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, Civil No. 07-12250, 2008 WL 251985, at *1 (E.D. Mich. Jan. 30, 2008) ("Rule 26(b)(2) directs the Court to consider such factors as the burdensomeness and expense of the discovery compared to its likely benefit, whether the party has had ample opportunity to obtain the information sought, and whether the discovery sought is unreasonably cumulative or duplicative.").

"Because th[e] limit is intended to curb abusive discovery practices, ... a party wishing to conduct more than 10 depositions has the burden of persuading the court that these additional depositions are necessary." *Moore v. Abbott Laboratories*, No. 2:05-cv-1065, 2009 WL 73876, at *1 (S.D. Ohio Jan. 8, 2009). To satisfy this burden, the movant must make a "particularized showing" of need to demonstrate "good cause" for exceeding the limit; general assertions are insufficient. *Id.*

As a practical matter, district courts have held that this showing must be made not only for the proposed additional depositions, but also those it has already taken. *See, e.g., Radiant Global Logistics, Inc. v. BTX Air Express of Detroit, LLC*, No. 18-12783, 2020 WL 1933818, at *2 (E.D. Mich. Apr. 22, 2020). This is because "a party could indirectly circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under the Rule 26(b)(2) standards, and then seeking leave to exceed the limit in order to take depositions that she could substantiate." *Barrow v. Greenville Independent School District*, 202 F.R.D. 480, 483 (N.D. Tex. 2001).

*Steward v. Roppe Corp.*, No. 3:18-cv-2905, 2022 WL 6234979, at *3 (N.D. Ohio Sept. 8, 2022).

Relatedly, I also note that with respect to any proposed deponent whose attendance is compelled by subpoena under Rule 45:

2

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required *must enforce this duty and impose an appropriate sanction*--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Fed. R. Civ. P. 45 (d)(1) (emphasis added).

With this, I order counsel to resume their efforts to meet and confer in good faith to resolve any ripe discovery dispute. If they are unable to reach an agreement, they shall email my chambers (helmick_chambers@ohnd.uscourts.gov) a joint letter no later than February 3, 2026, addressing:

1.) Whether and to what extent the parties are able to agree to any depositions;

2.) Which deposition or depositions for which they disagree;

3.) The nature of any such disagreement and the parties' respective positions; and

4.) Why a decision on the disputed deposition or depositions should not be deferred until after any mutually-agreeable depositions have been conducted.

If, after they have met and conferred, counsel agrees that no discovery dispute is ripe for judicial intervention at this time, they shall file a joint status report on or before February 3, 2026, proposing mutually agreeable next steps in the litigation and updated deadlines.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge