UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jonathan Seiverth,   Case No. 3:24-cv-1582

    Plaintiff,

v.   ORDER

City of Perrysburg, Ohio,

    Defendant.

After reviewing the parties' joint letter regarding outstanding discovery disputes, (*see* Doc. No. 22), I order:

1.) By April 17, 2026, the parties shall conduct the depositions on which they agree – those of Human Resources Manager Kelly Chalfant, former Mayor Tom Mackin, and Police Chief Chris Sargent.

2.) After those depositions have been conducted, each party shall reassess their positions as to the disputed depositions. With this, I remind Plaintiff that:

    a. "On motion or *on its own*, the court *must* limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . or the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C) (emphasis added); and

    b. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required *must* enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1) (emphasis added).

3.) Within fourteen days of the date of the final mutually-agreeable deposition, counsel shall meet and confer about their updated positions with respect to those disputed depositions. Specifically, I urge counsel to discuss whether the parties can agree to:

    a. A stipulation as to any fact or facts which may obviate the need for the testimony sought through any remaining disputed deposition or depositions;

    b. An alternate procedure (e.g., a deposition by written questions) for any remaining disputed deposition;

    c. A limited scope for any remaining disputed deposition; or

    d. All of the above.

4.) Should a dispute remain after these discussions, counsel shall email my chambers an updated joint discovery dispute letter no later than May 8, 2026. If no dispute remains, counsel shall file a joint status report by May 8, 2026, proposing next steps in the litigation and mutually-agreeable deadlines.

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge